IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>$3,005,934.55 SEIZED FROM TRUIST BANK ACCOUNT 1440019881982; $2,973,471.76 SEIZED FROM COMERICA BANK ACCOUNT 1883303099; $3,224.32 SEIZED FROM COMERICA BANK ACCOUNT 1883318048.<br><br>                *Defendants in Rem.* | Case No. 3:24-CV-2938 |

## UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the ("Defendant Property") as described in Section II., and in support states:

### I. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action in rem by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

2. The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(C). Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §§ 983, and Supplemental Rule G, Federal Rules Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

## II. DEFENDANT PROPERTY

3. The Defendant Property,[1] which has been seized and in the custody of the FBI and U.S. Marshals in the Northern District of Texas, is the following:

    a. $3,005,934.55 SEIZED FROM TRUIST BANK ACCOUNT 1440019881982 IN THE NAME OF AMERICAN PREMIER LABS LLC;

    b. $2,973,471.76 SEIZED FROM COMERICA BANK ACCOUNT 1883303099 IN THE NAME OF AMERICAN PREMIER LABS LLC; and

    c. $3,224.32 SEIZED FROM COMERICA BANK ACCOUNT 1883318048 IN THE NAME OF AMERICAN PREMIER LABS LLC.

## III. POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

4. The names and last known addresses of those individuals or entities reasonably appearing to the government at this time that may be potential claimants to the Defendant Property are:

American Premier Labs LLC
670 W. Arapaho Rd.
Suite 11A
Richardson, TX 75080
Attn: Khadeer Khan Mohammed

---

[1] Appreciation in the value of property is also subject to forfeiture. *See, e.g., United States v. Betancourt, 422 F.3d 240, 251* (5th Cir. 2005); *United States v. Vogel*, No. 4:08-CR-224, 2010 WL 547344, at *4 (E.D. Tex. Feb. 10, 2010). In addition, any proceeds, such as income, funds, payments, etc., derived from the property is subject to forfeiture. *See United States v. Sanders*, 952 F.3d 263, 286 (5th Cir. 2020) (proceeds are property the defendant would not have obtained or retained but for the commission of the offense). Both the appreciation in value of the Defendant Property and any proceeds obtained or retained from the Defendant Property are sought for forfeiture in this case and are considered to be included in the definition of Defendant Property.

**Complaint for Forfeiture – Page 2**

Khadeer Khan Mohammed
3721 W. Northgate Dr.
Apartment 1109
Irving, TX 75062
Email: khadeerchicago123@gmail.com

Notice of this complaint will be provided to the above-listed individuals and/or entities.

## IV. STATUTORY BASIS

5.   The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343.

6.   The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from gross proceeds traceable to health care fraud, or conspiracy thereof, in violation 18 U.S.C. § 1347 (1349).

## V. FACTS SUPPORTING FORFEITURE

7.   The underlying facts involve a health care fraud scheme where beginning in or about August 2023 and continuing through about October 2024, Khadeer Khan Mohammed (Khadeeer) acting through AMERICAN PREMIER LABS, along with others both known and unknown, did knowingly and willfully cause the submission of approximately $93 million in fraudulent claims to Medicare for laboratory testing. Medicare paid AMERICAN PREMIER LABS approximately $65 million of those claims. These false and fraudulent claims were based upon AMERICAN PREMIER LABS representations concerning laboratory tests that were allegedly referred by medical providers, requested by Medicare beneficiaries, and/or administered to Medicare beneficiaries. However, according to witnesses and records obtained by law enforcement and regulatory agencies, AMERICAN PREMIER LABS improperly billed Medicare for laboratory tests through various means, including (1) charging Medicare for

**Complaint for Forfeiture – Page 3**

laboratory tests that were never conducted on Medicare beneficiaries; and (2) charging Medicare for laboratory tests that were never requested or consented to by Medicare beneficiaries.

8. Based on my training and experience and my knowledge of this investigation. I believe that Khadeer engaged in a widespread practice of billing Medicare for laboratory tests that were never administered to Medicare patients and/or never requested by Medicare patients. Therefore, based on a preponderance of evidence, the funds that Medicare deposited into the **Subject Bank Accounts** were obtained in violation of **Subject Offenses.**

9. As further explained in the attached declaration, AMERICAN PREMIER LABS was located in Richardson, Texas, located in the Northern District of Texas. In addition, Khadeer Khan Mohammed last known address was in Irving, Texas, located in the Northern District of Texas.

10. In total, from December 2022 through July 2023, while under previous ownership, AMERICAN PREMIER LABS billed Medicare Part B for approximately 363 claims. Between August 2023 and October 2024, after Khadeer assumed an ownership interest in AMERICAN PREMIER LABS, AMERICAN PREMIER LABS billed Medicare approximately $93 million and was paid approximately $65 million for 36,000 claims for laboratory test HCPCS codes which included 87798, 87481, 87631, 87502, and 87640.

11. Despite little to no Medicare billing through the second quarter of 2023, AMERICAN PREMIER LABS billed an exponential rate beginning in the third quarter of 2023. Specifically, Medicare paid AMERICAN PREMIER LABS approximately $13 million for laboratory test claims submitted during one ten-day period. Such voluminous billing over the course of a limited number of days is uncommon and indicative of fraud. It is even more uncommon for such voluminous billing to occur over the course of only a few days.

12. AMERICAN PREMIER LABS billed Medicare for the laboratory tests and reimbursements that were deposited into the **Subject Bank Account 1** (Truist account 1440019881982) between January 8, 2024 and March 8, 2024. Khadeer was the only signatory listed on **Subject Bank Account 1**. Financial analysis of **Subject Bank Account 1** showed that Medicare paid $6,294,555.98 to AMERICAN PREMIER LABS through the **Subject Bank Account 1** for HCPCS codes including those previously listed above. All other non-Medicare deposits into **Subject Bank Account 1,** during the same time period, did not exceed $250,000.

13. According to Medicare Electronic Funds Transfer (EFT) enrollment documentation, beginning on May 2, 2024 and continuing through the present, AMERICAN PREMIER LABS LLC added **Subject Bank Account 2** (Comerica account 1883318048) as receiving source of Medicare payments. Khadeer Khan Mohammed was listed as the contact person on the Medicare EFT documentation for **Subject Bank Account 2** and the only signatory on that account.

14. From May 2024 through September 30, 2024, **Subject Bank Account 2** received approximately $52 Million in Medicare payments in response to laboratory testing HCPCS codes. With the Medicare funds received, Khadeer then transferred approximately $52 million from Medicare from **Subject Bank Account 2** into **Subject Bank Account 3** (Comerica account 1883303099) over the course of multiple transactions. Khadeer was the only signatory listed on **Subject Bank Account 3.**

15. From May 9, 2024 through September 30, 2024 Khadeer issued approximately 560 individual checks to multiple LLCs from **Subject Bank Account 3**. A significant number of the check payments to LLCs were for round-dollar amounts.

**Complaint for Forfeiture – Page 5**

16. Beginning on or about May 4, 2024, Medicare began receiving calls from Medicare beneficiaries to Medicare's complaint telephone number, 1-800-Medicare, regarding AMERICAN PREMIER LABS. The number dials to a call center where Medicare contracted employees intake complaints from the public regarding any Medicare related issue including Medicare fraud, waste and abuse or quality of care issues. As of October 2024, Medicare received more than 1,500 beneficiary complaints listing AMERICAN PREMIER LABS as the subject of the complaint. The majority of the complainants stated that Medicare beneficiaries either did not know AMERICAN PREMIER LABS and/or did not receive the services as billed by AMERICAN PREMIER LABS. The following table indicated the number of complaints received by the Medicare Benefit Integrity Program related to AMERICAN PREMIER LABS:

| Complaint Category | # of Complaints |
|---|---|
| Did Not Receive Services | 1293 |
| Do Not Know Provider | 141 |
| Other | 31 |
| Suspected Identity Theft | 37 |
| Sum: | 1502 |

17. On October 1, 2024, agents interviewed Medical Provider A.C. A.C. resides in Dallas, Texas. A.C. stated they never heard of or ordered any laboratory services from AMERICAN PREMIER LABS for any of their patients. AMERICAN PREMIER LABS billed Medicare a total of $14,244,305 and was paid $9,833,510.30 between September 1, 2023 and October 7, 2024 for claims allegedly referred by A.C. A.C. further advised that all laboratory referrals from A.C.'s office go to Clinical Pathology Laboratories. Therefore, all $9,833,510.30 paid by Medicare to AMERICAN PREMIER LABS for B.D.'s referrals were fraudulently obtained.

18. On August 15, 2024, agents interviewed Medical Provider B.D. B.D. resides in Texas. B.D. stated they never heard of or ordered any laboratory services from AMERICAN

Complaint for Forfeiture – Page 6

PREMIER LABS. AMERICAN PREMIER LABS billed Medicare a total of $14,286,020 and was paid $9,960,984.49 between February 27, 2022 and October 4, 2024 for claims allegedly referred by B.D. Prior to the interview with B. D., B.D.'s office initially contacted agents to report a complaint they received from a Medicare beneficiary related to AMERICAN PREMIER LABS. Therefore, all $9,960,984.49 paid by Medicare to AMERICAN PREMIER LABS for B.D.'s referrals were fraudulently obtained.

19. B.D and A.C constitute the top two referring providers for all Medicare claims submitted by AMERICAN PREMIER LABS.

20. This linking of proceeds to the fraudulent scheme, along with further description of the fraudulent scheme offense, is shown by Exhibit 1, the Declaration in support of the United States' Complaint for Forfeiture of FBI Special Agent John Leibensperger, attached and filed in support of, and incorporated into, this Complaint. *See United States v. 2121 Kirby Drive*, No. H-06-3335, 2007 WL 3378353, at *3 (S.D. Tex. Nov. 13, 2007) (in determining sufficiency of a complaint, the court will look not only to the complaint itself, but to any affidavit or other attachment).

## VI. RELIEF SOUGHT

THEREFORE, the United States requests the following:

A. Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

B. Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

C. In order to avoid forfeiture of the Defendant Property, all persons having any interest

in or right against the Defendant Property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the Defendant Property as required by Supplemental Rule G(5)(a) and 18 U.S.C. §983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B). Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy on Dimitri N. Rocha, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

D. Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and (C) be signed by the claimant under penalty of perjury. Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or within 35 days of the date of delivery if the notice is personally served and not sent by mail.

E. Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

F. At the conclusion of this proceeding, the Defendant Property be condemned by order of this court and declared to be forfeited to the United States of America in accordance with law.

G. All costs and expenses incurred by the United States in obtaining the forfeiture of the Defendant Property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

H. The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

FILED 11/22/2024

FILED 11/22/2024

                                    Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Dimitri N. Rocha*
Dimitri N. Rocha
Assistant United States Attorney
Florida State Bar No. 693332
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8650
Facsimile: 214-659-8803
Dimitri.Rocha@usdoj.gov
ATTORNEYS FOR PLAINTIFF

Complaint for Forfeiture – Page 9

## **VERIFICATION OF COMPLAINT**

I, John Leibensperger, am a Special Agent with the Federal Bureau of Investigation, and I have been assigned to assist in the forfeiture of the Defendant Property. I have read the foregoing Complaint for Forfeiture and know its contents. The information contained in the Complaint for Forfeiture has been furnished from official government sources and, based on my information and belief, the allegations contained in the Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 22, 2024

John Leibensperger
Special Agent
Federal Bureau of Investigation